UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GLOW MEDISPA, LLC, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. |
| v. | COMPLAINT—CLASS ACTION |
| SENTINEL INSURANCE COMPANY, LIMITED, | JURY DEMAND |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Glow Medispa, LLC ("Glow Medispa"), individually and on behalf of all other similarly situated members of the defined national class and Washington State sub-classes (the "Class Members"), by and through the undersigned attorneys, brings this class action against Defendant Sentinel Insurance Company, Limited ("Sentinel or "Defendant") and alleges as follows based on personal knowledge and information and belief:

## II.    JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one member of the proposed Class and Washington subclass is a citizen of a state different from that of Defendant, the proposed Class

COMPLAINT—CLASS ACTION - 1

and subclass each consist of more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over Defendant because Defendant registered to do business in Washington, has sufficient minimum contacts in Washington, and otherwise intentionally avails itself of the markets within Washington through its business activities, such that the exercise of jurisdiction by this Court is proper. Moreover, the claims of Plaintiff and all of the Washington subclass members in this case arise out of and directly relate to Defendant's contacts with Washington.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion the alleged wrongdoing occurred in this District and the state of Washington, and Defendant has sufficient contacts with this District and the state of Washington.

4. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's place of business is located in Seattle and Kirkland, King County. This action is therefore appropriately filed in the Seattle Division because a substantial portion of the events giving rise to this lawsuit arose in King County.

### III.   PARTIES

5. Plaintiff Glow Medispa owns and operates a medical spa business located at 4409 California Ave. SW, Suite 100, Seattle, WA 98116.

COMPLAINT—CLASS ACTION - 2

6.     Defendant Sentinel Insurance Company, Limited is an insurance carrier incorporated and domiciled in Connecticut, with its principal place of business in Hartford, Connecticut.

7.     Sentinel is authorized to write, sell, and issue business insurance policies in Washington, all other forty-nine states, and the District of Columbia. Sentinel conducted business within Washington State and the other municipalities by selling and insuring business insurance to policyholders, including Glow Medispa.

## IV.     NATURE OF THE CASE

8.     Glow Medispa is a full-service medical spa that offers services such as laser hair removal, microdermabrasion, dermaplaning, microneedling, temporomandibular joint (TMJ) disorder and migraine relief, and non-invasive facelifts.

9.     Due to COVID-19 and a state-ordered mandated closure, Plaintiff's medical spa business has been interrupted, curtailed, and suspended.

10.     Plaintiff intended to rely on its business insurance to maintain income in case of an insured loss. This lawsuit is filed to ensure that Plaintiff and other similarly-situated policyholders receive the insurance benefits to which they are entitled and for which they paid.

11.     Sentinel issued one or more insurance policies to Plaintiff, including Spectrum Business Owner's Policy and related endorsements, insuring Plaintiff's property and business and other coverages from December 10, 2019 to December 10, 2020.

12.     Plaintiff's business property includes property owned and/or leased by Plaintiff and used for general business purposes for the specific purpose of medical spa services and other related business activities.

COMPLAINT—CLASS ACTION - 3

13.     Sentinel's insurance policy issued to Plaintiff promises to pay Plaintiff for "direct physical loss of or physical damage to" covered property.

14.     Sentinel's insurance policy issued to Plaintiff includes Business Income Coverage, Extra Expense Coverage, Extended Business Income Coverage and Civil Authority Coverage.

15.     Plaintiff paid all premiums for the coverage when due.

16.     On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

17.     On February 29, 2020, Washington Governor Jay Inslee issued Proclamation 20-5, declaring a State of Emergency for all counties in the state of Washington as the result of COVID-19. Thereafter, he issued a series of certain proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

18.     On March 16, 2020, Governor Inslee issued Proclamation 20-14, "Reduction of Statewide Limits on Gatherings." The proclamation prohibits "[gathering] activities of less than 50 people . . . unless organizers of those activities comply with social distancing and sanitation measures established by the United States Center for Disease Control and Prevention of the Washington State Department of Health guidelines."

19.     On March 23, 2020, Governor Inslee issued Proclamation 20-25, "Stay Home—State Healthy." The proclamation requires that "[a]ll people in Washington State [ ] immediately cease leaving their home or place of residence except: (1) to conduct or participate in essential activities, and/or (2) for employment in essential business activities." The proclamation prohibits

COMPLAINT—CLASS ACTION - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

"all non-essential businesses in Washington State from conducting business, within the limitations provided herein."

20.     Governor Inslee has extended Proclamation 20-25 until May 31, 2020.

21.     Plaintiff was not designated to be an "essential business" by Governor Inslee.

22.     By order of Governor Inslee, medical spas including Plaintiff were prohibited from operating their businesses except according to the terms of the proclamations and orders.

23.     Since March 17, 2020, Plaintiff's business has suffered a suspension.

24.     Plaintiff has not been able to use its business for its insured purpose of providing medical spa and skin care services to the extent for which Sentinel has insured its premises.

25.     No COVID-19 virus has been detected on Plaintiff's business premises.

26.     Plaintiff's property has sustained direct physical loss and/or damage related to COVID-19 and/or the proclamations and orders.

27.     Plaintiff's property will continue to sustain direct physical loss or damage covered by the Sentinel policy or policies, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

28.     Plaintiff's property cannot be fully used for its intended purposes.

29.     As a result of the above, Plaintiff has experienced and will experience loss covered by the Sentinel policy or policies.

30.     Plaintiff submitted a claim to Sentinel for losses covered by the Policy. Sentinel denied coverage.

31.     Upon information and belief, Sentinel has denied and will deny all similar claims for coverage.

COMPLAINT—CLASS ACTION - 5

1

## V.     CLASS ACTION ALLEGATIONS

2     32.     This matter is brought by Plaintiff on behalf of itself and those similarly situated,

3  under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

4     33.     The Classes and Subclasses that Plaintiff seeks to represent are defined as:

5          A.     ***Business Income Coverage Breach of Contract Class:*** All persons and

6  entities in the United States insured under a Sentinel policy with Business Income

7  Coverage who suffered a suspension of their business at the covered premises related to

8  COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil

9  authorities and whose Business Income claim has been denied by Sentinel.

10         B.     ***Business Income Coverage Breach of Contract Washington Subclass:***

11 All persons and entities in the State of Washington insured under a Sentinel policy with

12 Business Income Coverage who suffered a suspension of their business at the covered

13 premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil

14 authorities and whose Business Income claim has been denied by Sentinel.

15         C.     ***Business Income Coverage Declaratory Relief Class:*** All persons and

16 entities in the United States insured under a Sentinel policy with Business Income

17 Coverage who suffered a suspension of their business at the covered premises related to

18 COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil

19 authorities.

20         D.     ***Business Income Coverage Declaratory Relief Washington Subclass:*** All

21 persons and entities in the State of Washington insured under a Sentinel policy with

22 Business Income Coverage who suffered a suspension of their business at the covered

23

24

25

26

COMPLAINT—CLASS ACTION - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

E. **_Extended Business Income Breach of Contract Class_**: All persons and entities in the United States insured under a Sentinel policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extended Business Income claim has been denied by Sentinel.

F. **_Extended Business Income Breach of Contract Washington Subclass_**: All persons and entities in the State of Washington insured under a Sentinel policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extended Business Income claim has been denied by Sentinel.

G. **_Extended Business Income Declaratory Relief Class:_** All persons and entities in the United States insured under a Sentinel policy with Extended Business Income coverage who suffered a suspension of their business at the covered premises due to COVID-19 related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

H. **_Extended Business Income Declaratory Relief Washington Subclass:_** All persons and entities in the State of Washington insured under a Sentinel policy with Extended Business Income coverage who suffered a suspension of their business at the

COMPLAINT—CLASS ACTION - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

covered premises due to COVID-19 related to COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

I.   ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States insured under a Sentinel policy with Extra Expense coverage who incurred expenses while seeking to minimize losses from the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Extra Expense claim has been denied by Sentinel.

J.   ***Extra Expense Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington insured under a Sentinel policy with Extra Expense coverage who incurred expenses while seeking to minimize losses from the suspension of business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Extra Expense claim has been denied by Sentinel.

K.   ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States insured under a Sentinel policy with Extra Expense coverage who incurred expenses while seeking to minimize losses from the suspension of their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

L.   ***Extra Expense Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under a Sentinel policy with Extra Expense coverage who incurred expenses while seeking to minimize losses from the suspension of

COMPLAINT—CLASS ACTION - 8

their business at the covered premises in connection with COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities.

M.    ***Civil Authority Breach of Contract Class:*** All persons and entities in the United States insured under a Sentinel policy with Civil Authority coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities and whose Civil Authority claim has been denied by Sentinel.

N.    ***Civil Authority Breach of Contract Washington Subclass:*** All persons and entities in the State of Washington insured under a Sentinel policy with Civil Authority coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 and/or orders issued by Governor Inslee, and/or other civil authorities and whose Civil Authority claim has been denied by Sentinel.

O.    ***Civil Authority Declaratory Relief Class:*** All persons and entities in the United States insured under a Sentinel policy with Civil Authority coverage who suffered a loss of business income and/or extra expense related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities.

P.    ***Civil Authority Declaratory Relief Washington Subclass:*** All persons and entities in the State of Washington insured under a Sentinel policy with Civil Authority coverage who suffered a loss of business income and/or extra expense related to the impact of COVID-19 19 and/or orders issued by Governor Inslee, and/or other civil authorities.

34.    Excluded from the Classes and Subclasses are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the

COMPLAINT—CLASS ACTION - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

immediate family members of such officers and staff. Plaintiff reserves the right to amend the Class definition based on information obtained in discovery.

35.     This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

36.     **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical.  Plaintiff is informed and believes that each proposed Class and Subclass contains thousands of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

37.     **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

A.     Whether the class members suffered covered losses based on common policies issued to members of the Class and Subclass;

B.     Whether Sentinel acted in a manner common to the Class and Subclass by wrongfully denying claims for coverage relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

C.     Whether Business Income coverage in Sentinel's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

D.     Whether Extended Business Income coverage in Sentinel's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

COMPLAINT—CLASS ACTION - 10

E.      Whether Extra Expense coverage in Sentinel's policies of insurance applies to efforts to minimize a loss relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

F.      Whether Civil Authority coverage in Sentinel's policies of insurance applies to a suspension of practice relating to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or civil authorities;

G.      Whether Sentinel has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19 and/or orders issued by Governor Inslee, other Governors, and/or other civil authorities;

H.      Whether, because of Defendant's conduct, Plaintiff and the class members have suffered damages; and if so, the appropriate amount thereof; and

I.      Whether, because of Defendant's conduct, Plaintiff and the class members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

38.      **Typicality**: Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff and all the members of the classes have been injured by the same wrongful practices of Sentinel. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and Subclass and are based on the same legal theories.

39.      **Adequacy**: Plaintiff will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiff nor its attorneys have any interests contrary to or in conflict with the Class or Subclass.

COMPLAINT—CLASS ACTION - 11

40.     **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the Class and Subclass. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought by Plaintiff could also impair the ability of absent class members to protect their interests.

41.     **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

42.     **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# VI.   CAUSES OF ACTION

## Count One—Declaratory Judgment

*(Brought on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Coverage Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, Extra Expense Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass)*

43.     Previous paragraphs alleged are incorporated herein.

44.     This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

45.     Plaintiff brings this cause of action on behalf of the Business Income Coverage Declaratory Relief Class, Business Income Coverage Declaratory Relief Washington Subclass, Extended Business Income Declaratory Relief Class, Extended Business Income Declaratory Relief Washington Subclass, Extra Expense Declaratory Relief Class, and Extra Expense Declaratory Relief Washington Subclass, Civil Authority Declaratory Relief Class, and Civil Authority Declaratory Relief Washington Subclass.

46.     Plaintiff seeks a declaratory judgment declaring that Plaintiff's and class members losses and expenses resulting from the interruption of their business are covered by the Policy.

47.     Plaintiff seeks a declaratory judgment declaring that Sentinel is responsible for timely and fully paying all such claims.

## Count Two—Breach of Contract

*(Brought on behalf of the Business Income Coverage Breach of Contract Class, Business Income Coverage Breach of Contract Washington Subclass, Extended Business Income Breach of Contract Class, Extended Business Income Breach of Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach of Contract Washington Subclass Civil Authority Breach of Contract Class, and Civil Authority Breach of Contract Washington Subclass)*

COMPLAINT—CLASS ACTION - 13

1    48.    Previous paragraphs alleged are incorporated herein.

2    49.    Plaintiff brings this cause of action on behalf of the Business Income Coverage

3  Breach of Contract Class, Business Income Coverage Breach of Contract Washington Subclass,

4  Extended Business Income Breach of Contract Class, Extended Business Income Breach of

5  Contract Washington Subclass, Extra Expense Breach of Contract Class, Extra Expense Breach

6  of Contract Washington Subclass, Civil Authority Breach of Contract Class, and Civil Authority

7  Breach of Contract Washington Subclass.

8

9    50.    The Policy is a contract under which Plaintiff and the class paid premiums to

10  Sentinel in exchange for Sentinel's promise to pay Plaintiff and the class for all claims covered

11  by the Policy.

12    51.    Plaintiff has paid its insurance premiums.

13

14    52.    Upon information and belief, Sentinel denied coverage for other similarly situated

15  policyholders.

16    53.    Denying coverage for the claim is a breach of the insurance contract.

17    54.    Plaintiff is harmed by the breach of the insurance contract by Sentinel.

18                                **VII.   PRAYER**

19    1.    A declaratory judgment that the policy or policies cover Plaintiff's losses and

20  expenses resulting from the interruption of Plaintiff's business related to COVID-19 and/or

21  orders issued by Governor Inslee, other Governors, and/or other authorities.

22    2.    A declaratory judgment that Defendant is responsible for timely and fully paying

23  all such losses.

24

25    3.    Damages.

26

COMPLAINT—CLASS ACTION - 14

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.      Pre- and post-judgment interest at the highest allowable rate.

5.      Reasonable attorney fees and costs.

6.      Such further and other relief as the Court shall deem appropriate.

## VIII.   JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

 DATED this 12th day of May, 2020.

KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/Maureen Falecki*
By: *s/Nathan L. Nanfelt*
    Amy Williams-Derry, WSBA #28711
    Lynn L. Sarko, WSBA #16569
    Ian S. Birk, WSBA #31431
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Maureen Falecki, WSBA #18569
    Nathan Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: mfalecki@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com

By: _s/ Alison Chase_

Alison Chase, *pro hac vice forthcoming*
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Telephone: (805) 456-1496
Fax: (805) 456-1497
Email: achase@kellerrohrback.com

***Attorneys for Plaintiff***

4812-5686-0347, v. 2

COMPLAINT—CLASS ACTION - 16